# EXHIBIT A

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | **DUPLICATE ORIGINAL** |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | FILED |
| 2420 - Served By Publication | 2421 - Served By Publication | 8/12/2020 4:04 PM |
| Summons - Alias Summons | | |

(12/31/15) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L008521

YOSELIN TAPIA,

(Name all parties)

v.

LATA SANTA INES, M.D., et al (See Full Caption Reverse Side)

No. _____

PLEASE SERVE DEFENDANT(S):
SEE REVERSE SIDE FOR SERVICE

☒ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602
☐ District 2 - Skokie 5600 Old Orchard Rd. Skokie, IL 60077
☐ District 3 - Rolling Meadows 2121 Euclid 1500 Rolling Meadows, IL 60008
☐ District 4 - Maywood Maybrook Ave. Maywood, IL 60153
☐ District 5 - Bridgeview 10220 S. 76th Ave. Bridgeview, IL 60455
☐ District 6 - Markham 16501 S. Kedzie Pkwy. Markham, IL 60428
☐ Child Support: 50 W. Washington, LL-01, Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: **25535**
Name: **SANDMAN, LEVY AND PETRICH, LLC**
Atty. for: **Plaintiff**
Address: **134 North LaSalle Street, 9th Floor**
City/State/Zip Code: **Chicago, IL 60602**
Telephone: **312-726-1692**
Primary Email Address:
**info@slplaw.com**

Secondary Email Address(es):
_____

Witness: **8/12/2020 4:04 PM DOROTHY BROWN**

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:
_____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

FILED DATE: 8/12/2020 4:04 PM 2020L008521

12-Person Jury

ATTY I.D. #25535

FILED
8/12/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L008521

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| YOSELIN TAPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| LATA SANTA INES, M.D.; | ) | |
| ALEXIAN BROTHERS MEDICAL CENTER; | ) | **JURY DEMAND** |
| MICHAL SZCZUPAK, M.D.; | ) | |
| GREATER ELGIN FAMILY CARE CENTER; | ) | |
| and WOMEN'S AND CHILDREN'S HEALTH | ) | |
| CARE ASSOCIATES, LLC f/k/a | ) | |
| MICHAL SZCZUPAK, M.D., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, YOSELIN TAPIA, by her attorneys, SANDMAN, LEVY AND PETRICH, LLC, and complaining of the Defendants, LATA SANTA INES, M.D., ALEXIAN BROTHERS MEDICAL CENTER, MICHAL SZCZUPAK, M.D. and GREATER ELGIN FAMILY CARE CENTER, and each of them, alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. That GREATER ELGIN FAMILY CARE CENTER has a business relationship with ALEXIAN BROTHERS MEDICAL CENTER in which GREATER ELGIN FAMILY CARE CENTER performs child deliveries and surgeries at ALEXIAN BROTHERS MEDICAL CENTER facilities.

2. That WOMEN'S AND CHILDREN'S HEALTH CARE ASSOCIATES, LLC f/k/a MICHAL SZCZUPAK, M.D., LLC (hereinafter "WOMEN'S HEALTHCARE") has a business relationship with ALEXIAN BROTHERS MEDICAL CENTER in which WOMEN'S

FILED DATE: 8/12/2020 4:04 PM   2020L008521

HEALTHCARE performs child deliveries and surgeries at ALEXIAN BROTHERS MEDICAL CENTER facilities.

3. On and before August 16, 2018, Plaintiff was a patient at GREATER ELGIN FAMILY CARE CENTER and its employee and agent, apparent or otherwise, LATA SANTA INES, M.D., was in charge of Plaintiff's prenatal, delivery and post-natal care.

4. On and before August 16, 2018, Plaintiff was a patient at WOMEN'S HEALTHCARE and its employee and agent, apparent or otherwise, MICHAL SZCZUPAK, M.D., was in charge of Plaintiff's prenatal, delivery and post-natal care.

5. At all times relevant, LATA SANTA INES, M.D. was an employee and/or agent, apparent or otherwise, of GREATER ELGIN FAMILY CARE CENTER.

6. At all times relevant, LATA SANTA INES, M.D. was an employee and/or agent, apparent or otherwise, of ALEXIAN BROTHERS MEDICAL CENTER.

7. At all times relevant, LATA SANTA INES, M.D. had admitting privileges at ALEXIAN BROTHERS MEDICAL CENTER which included labor and delivery services.

8. At all times relevant, MICHAL SZCZUPAK, M.D. was an employee and/or agent, apparent or otherwise, of ALEXIAN BROTHERS MEDICAL CENTER.

9. At all times relevant, MICHAL SZCZUPAK, M.D. was an employee and/or agent, apparent or otherwise, of WOMEN'S HEALTHCARE.

10. At all times relevant, including on August 16, 2018, Plaintiff was and became a patient of all Defendants herein.

11. On or about August 16, 2018, Plaintiff went into labor and arrived at ALEXIAN BROTHERS MEDICAL CENTER where she was treated by LATA SANTA INES, M.D. and MICHAL SZCZUPAK, M.D.

12. Plaintiff began experiencing excruciating pain during and after delivery.

13. LATA SANTA INES, M.D. manually removed Plaintiff's placenta.

14. Despite Plaintiff asking LATA SANTA INES, M.D. to discontinue the manual removal of Plaintiff's placenta due to the excruciating pain Plaintiff was experiencing, LATA SANTA INES, M.D. continued.

15. LATA SANTA INES, M.D. enlisted the assistance of MICHAEL SZCZUPAK, M.D.

16. While LATA SANTA INES, M.D. and/or MICHAEL SZCZUPAK, M.D. were attempting to search for and manually remove Plaintiff's placenta, Plaintiff's uterus prolapsed.

17. After Plaintiff's uterus prolapsed, Plaintiff suffered massive hemorrhaging which necessitated resuscitation.

18. On or about August 16, 2020, LATA SANTA INES, M.D. and MICHAL SZCZUPAK, M.D. attempted to reinsert and reposition the uterus, both manually and then surgically.

19. LATA SANTA INES, M.D. and MICHAL SZCZUPAK, M.D. performed emergency surgery to reinsert and reposition Plaintiff's uterus at ALEXIAN BROTHERS MEDICAL CENTER.

20. After her uterus prolapsed, Plaintiff was hospitalized in the intensive care unit at ALEXIAN BROTHERS MEDICAL CENTER.

21. In October, two months after her delivery, Plaintiff was still unable to walk without difficulty due to extreme pain and sought further medical treatment.

22. LATA SANTA INES, M.D. refused post-partum care of Plaintiff after her discharge from hospitalization at ALEXIAN BROTHERS MEDICAL CENTER resulting in further and prolonged pain and injury.

## COUNT I – MEDICAL NEGLIGENCE
## DIRECTED TO LATA SANTA INES, M.D.

23. Plaintiff incorporates Paragraphs 1 through 22 as if fully set forth herein.

24. That, at all times relevant, LATA SANTA INES, M.D. was a physician licensed to practice medicine in Illinois.

25. That, at all times relevant, LATA SANTA INES, M.D. provided medical care and treatment to patients at GREATER ELGIN FAMILY CARE CENTER and delivered babies at ALEXIAN BROTHERS MEDICAL CENTER.

26. That on and before August 16, 2018, the Defendant, LATA SANTA INES, M.D., cared for and treated Plaintiff.

27. That on and after August 16, 2018, LATA SANTA INES, M.D. had a duty to treat Plaintiff with the care of a licensed obstetric and gynecological physician.

28. That at all times relevant, pre-natally and during delivery, Plaintiff was cared for and treated by LATA SANTA INES, M.D., GREATER ELGIN FAMILY CARE CENTER and ALEXIAN BROTHERS MEDICAL CENTER during her son's birth.

29. That during and after her son's birth, Plaintiff experienced excessive bleeding and permanent injuries due to Defendant, LATA SANTA INES, M.D.'s, negligent care.

30. That on and after August 16, 2018, LATA SANTA INES, M.D. was negligent in the care and treatment of Plaintiff in one or more of the following ways:

    (a)    Failed to prevent Plaintiff's prolapsed and inverted uterus;

    (b)    Failed to timely treat and diagnose Plaintiff's prolapsed and inverted uterus;

4

FILED DATE: 8/12/2020 4:04 PM 2020L008521

FILED DATE: 8/12/2020 4:04 PM 2020L008521

(c) Failed to safely remove Plaintiff's placenta;

(d) Failed to properly perform the re-insertion and repositioning of Plaintiff's uterus;

(e) Failed to order diagnostic testing to prevent and/or treat Plaintiff's prolapsed and/or inverted uterus; and

(f) Otherwise negligently cared for and treated the Plaintiff.

31. That as a proximate result of one or more of the foregoing negligent acts or omissions, the Plaintiff experienced extensive blood loss, pain and suffering, permanent injuries and disfigurement and will continue to incur medical costs.

32. That plaintiff has complied with the requirements of 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, the Plaintiff, YOSELIN TAPIA, prays for judgment against the Defendant, LATA SANTA INES, M.D., in an amount in excess of $50,000.00, plus costs of this lawsuit.

## COUNT II – MEDICAL NEGLIGENCE
## DIRECTED TO ALEXIAN BROTHERS MEDICAL CENTER

33. Plaintiff incorporates Paragraphs 1 through 22 as is fully set forth herein.

34. That, at all times relevant, ALEXIAN BROTHERS MEDICAL CENTER was a licensed medical facility in the state of Illinois.

35. That, at all times relevant, LATA SANTA INES, M.D. and MICHAL SZCZUPAK and other physicians from GREATER ELGIN FAMILY CARE CENTER and/or WOMEN'S HEALTHCARE performed obstetric and gynecological services, including child deliveries at ALEXIAN BROTHERS MEDICAL CENTER.

5

36. That on and after August 16, 2018, the Defendant, ALEXIAN BROTHERS MEDICAL CENTER, through its agents, apparent or otherwise, and/or employees, cared for and treated Plaintiff.

37. That on and after August 16, 2018, ALEXIAN BROTHERS MEDICAL CENTER, through its agents, apparent or otherwise, and/or employees, had a duty to treat Plaintiff with the care of the average medical facility that provides obstetric and gynecological care and to supervise the care of its enlisted agents and employees.

38. That on August 16, 2018, Plaintiff was cared for and treated by LATA SANTA INES, M.D., MICHAEL SZCZUPAK and ALEXIAN BROTHERS MEDICAL CENTER during her son's birth.

39. That during and after her son's birth, Plaintiff experienced excessive bleeding and permanent injuries due to Defendant, LATA SANTA INES, M.D., MICHAL SZCZUPAK, M.D. and other agents, apparent or otherwise, and/or employees of ALEXIAN BROTHERS MEDICAL CENTER's, negligent care.

40. That on and after August 16, 2018, ALEXIAN BROTHERS MEDICAL CENTER, through its agents, apparent or otherwise, and/or employees, was negligent in the care and treatment of Plaintiff in one or more of the following ways:

    (a)    Failed to prevent Plaintiff's prolapsed and inverted uterus;

    (b)    Failed to timely treat and diagnose Plaintiff's prolapsed and inverted uterus;

    (c)    Failed to safely remove Plaintiff's placenta;

    (d)    Failed to properly perform the re-insertion and repositioning of Plaintiff's uterus;

    (e)    Failed to order diagnostic testing to prevent and/or treat Plaintiff's prolapsed and/or inverted uterus; and

    (f)    Otherwise negligently cared for and treated the Plaintiff.

FILED DATE: 8/12/2020 4:04 PM 2020L008521

41. That as a proximate result of one or more of the foregoing negligent acts or omissions, the Plaintiff experienced extensive blood loss, pain and suffering, permanent injuries and disfigurement and will continue to incur medical costs.

42. That plaintiff has complied with the requirements of 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, the Plaintiff, YOSELIN TAPIA, prays for judgment against the Defendant, ALEXIAN BROTHERS MEDICAL CENTER, in an amount in excess of $50,000.00, plus costs of this lawsuit.

### COUNT III – MEDICAL NEGLIGENCE DIRECTED TO MICHAL SZCZUPAK, M.D.

43. Plaintiff incorporates Paragraphs 1 through 20 as is fully set forth herein.

44. That, at all times relevant, Defendant, MICHAL SZCZUPAK, M.D., was a licensed physician in the State of Illinois.

45. At all times relevant, Defendant, MICHAL SZCZUPAK, M.D., performed child deliveries at ALEXIAN BROTHERS MEDICAL CENTER.

46. That, at all times relevant, MICHAEL SZCZUPAK, M.D. was an employee and/or agent, apparent or otherwise, of WOMEN'S HEALTHCARE.

47. That on or about August 16, 2018, the Defendant, MICHAL SZCZUPAK, M.D., assisted LATA SANTA INES, M.D. in treating and caring for Plaintiff after her delivery.

48. That on and after August 16, 2018, MICHAL SZCZUPAK, M.D. had a duty to treat Plaintiff with the care of a licensed obstetric and gynecological physician.

49. That at all times relevant, Plaintiff was cared for and treated by MICHAL SZCZUPAK, M.D., GREATER ELGIN FAMILY CARE CENTER and ALEXIAN BROTHERS MEDICAL CENTER during her son's birth.

50. That during and after her son's birth, Plaintiff experienced excessive bleeding and permanent injuries due to Defendant, MICHAL SZCZUPAK, M.D.'s negligent care.

51. That on and after August 16, 2018, MICHAL SZCZUPAK, M.D. was negligent in the care and treatment of Plaintiff in one or more of the following ways:

    (a) Failed to prevent Plaintiff's prolapsed and inverted uterus;

    (b) Failed to timely treat and diagnose Plaintiff's prolapsed and inverted uterus;

    (c) Failed to safely remove Plaintiff's placenta;

    (d) Failed to properly perform the re-insertion and repositioning of Plaintiff's uterus;

    (e) Failed to order diagnostic testing to prevent and/or treat Plaintiff's prolapsed and/or inverted uterus; and

    (f) Otherwise negligently cared for and treated the Plaintiff.

52. That as a proximate result of one or more of the foregoing negligent acts or omissions, the Plaintiff experienced extensive blood loss, pain and suffering, permanent injuries and disfigurement and will continue to incur medical costs.

53. That plaintiff has complied with the requirements of 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, the Plaintiff, YOSELIN TAPIA, prays for judgment against the Defendant, MICHAEL SZCZUPAK, M.D., in an amount in excess of $50,000.00, plus costs of this lawsuit.

### COUNT IV – MEDICAL NEGLIGENCE
### DIRECTED TO GREATER ELGIN FAMILY CARE CENTER

54. Plaintiff incorporates Paragraphs 1 through 22 as is fully set forth herein.

55. That at all times relevant, GREATER ELGIN FAMILY CARE CENTER was a licensed medical facility in the State of Illinois.

8

56. That at all times relevant, LATA SANTA INES, M.D. and other physicians from GREATER ELGIN FAMILY CARE CENTER performed obstetric and gynecological services, including child deliveries, at ALEXIAN BROTHERS MEDICAL CENTER.

57. That or about August 16, 2018, the Defendant, GREATER ELGIN FAMILY CARE CENTER, assigned and/or hired its agents, apparent agents and/or employees, including, but not limited to, LATA SANTA INES, M.D., to monitor and treat the Plaintiff.

58. That on or about August 16, 2018, GREATER ELGIN FAMILY CARE CENTER, through its agents, apparent agents and/or employees, had a duty to treat Plaintiff with the care of the average medical facility that provides pre-natal and post-natal care, and to supervise the care provided by its agents and employees.

59. That, at all times relevant, Plaintiff was cared for and treated by LATA SANTA INES, M.D., an agent, apparent or otherwise, and/or employee of GREATER ELGIN FAMILY CARE CENTER and ALEXIAN BROTHERS MEDICAL CENTER before, during and after her son's birth.

60. That during and after her son's birth, Plaintiff experienced excessive bleeding and permanent injuries due to Defendant, LATA SANTA INES, M.D. and other agents, apparent agents and/or employees of GREATER ELGIN FAMILY CARE CENTER's, negligent care.

61. That on and after August 16, 2018, GREATER ELGIN FAMILY CARE CENTER, through its agents, apparent agents and/or employees, was negligent in the care, monitoring and treatment of Plaintiff in one or more of the following ways:

    (a)    Failed to prevent Plaintiff's prolapsed and inverted uterus;

    (b)    Failed to timely treat and diagnose Plaintiff's prolapsed and inverted uterus;

    (c)    Failed to safely remove Plaintiff's placenta;

(d) Failed to properly perform the re-insertion and repositioning of Plaintiff's uterus;

(e) Failed to order diagnostic testing to prevent and/or treat Plaintiff's prolapsed and/or inverted uterus; and

(f) Otherwise negligently cared for and treated the Plaintiff.

62. That as a proximate result of one or more of the foregoing negligent acts or omissions, the Plaintiff experienced extensive blood loss, pain and suffering, permanent injuries and disfigurement and will continue to incur medical costs.

63. That plaintiff has complied with the requirements of 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, the Plaintiff, YOSELIN TAPIA, prays for judgment against the Defendant, GREATER ELGIN FAMILY CARE CENTER, in an amount in excess of $50,000.00, plus costs of this lawsuit.

## COUNT V – MEDICAL NEGLIGENCE
## DIRECTED TO WOMEN'S AND CHILDREN'S HEALTH CARE ASSOCIATES, LLC f/k/a MICHAL SZCZUPAK, M.D., LLC

64. Plaintiff incorporates Paragraphs 1 through 22 as is fully set forth herein.

65. That, at all times relevant, WOMEN'S HEALTHCARE was a licensed medical facility in the State of Illinois.

66. At all times relevant, MICHAL SZCZUPAK, M.D., as agent, apparent or otherwise, and/or employee of WOMEN'S HEALTHCARE, performed obstetric and gynecological services, including child deliveries, at ALEXIAN BROTHERS MEDICAL CENTER.

FILED DATE: 8/12/2020 4:04 PM 2020L008521

67. That on or about August 16, 2018, the Defendant, WOMEN'S HEALTHCARE, assigned and/or hired its agents, agents, apparent or otherwise, and/or employees, including, but not limited to, MICHAL SZCZUPAK, M.D., to monitor and treat the Plaintiff.

68. That on or about August 16, 2018, WOMEN'S HEALTHCARE, through its agents, apparent or otherwise, and/or employees, had a duty to treat Plaintiff with the care of the average medical facility that provides pre-natal and post-natal care, and to supervise the care provided by its agents and/or employees.

69. At all times relevant, Plaintiff was cared for and treated by MICHAL SZCZUPAK, M.D., an agent, apparent or otherwise and/or employee of WOMEN'S HEALTHCARE, and ALEXIAN BROTHERS MEDICAL CENTER before, during and after her son's birth.

70. That during and after her son's birth, Plaintiff experienced excessive bleeding and permanent injuries due to Defendant, MICHAL SZCZUPAK, M.D. and other agents, apparent agents and/or employees of WOMEN'S HEALTHCARE's, negligent care.

71. That on and after August 16, 2018, WOMEN'S HEALTHCARE, through its agents, apparent agents and/or employees, was negligent in the care, monitoring and treatment of Plaintiff in one or more of the following ways:

    (a)    Failed to prevent Plaintiff's prolapsed and inverted uterus;

    (b)    Failed to timely treat and diagnose Plaintiff's prolapsed and inverted uterus;

    (c)    Failed to safely remove Plaintiff's placenta;

    (d)    Failed to properly perform the re-insertion and repositioning of Plaintiff's uterus;

    (e)    Failed to order diagnostic testing to prevent and/or treat Plaintiff's prolapsed and/or inverted uterus; and

    (f)    Otherwise negligently cared for and treated the Plaintiff.

FILED DATE: 8/12/2020 4:04 PM 2020L008521

FILED DATE: 8/12/2020 4:04 PM 2020L008521

72. That as a proximate result of one or more of the foregoing negligent acts or omissions, the Plaintiff experienced extensive blood loss, pain and suffering, permanent injuries and disfigurement and will continue to incur medical costs.

73. That plaintiff has complied with the requirements of 735 ILCS 5/2-622 (Exhibit "A").

WHEREFORE, the Plaintiff, YOSELIN TAPIA, prays for judgment against the Defendant, WOMEN'S AND CHILDREN'S HEALTH CARE ASSOCIATES, LLC, f/k/a MICHAL SZCZUPAK, M.D., LLC, in an amount in excess of $50,000.00, plus costs of this lawsuit.

SANDMAN, LEVY AND PETRICH, LLC

By: _____
Stephanie L. White
Attorney for Plaintiff

Atty I.D. No. 25535
SANDMAN, LEVY AND PETRICH, LLC
Attorneys for Plaintiff(s)
134 North LaSalle Street, 9th Floor
Chicago, Illinois 60602
Phone: (312) 726-1692
Fax: (312) 726-1687
*info@slplaw.com*

## AFFIDAVIT OF DAMAGES

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned attorney, STEPHANIE L. WHITE, being first duly sworn on oath, deposes and states as follows:

1. That your affiant is one of the attorneys representing the plaintiff(s) in the case of *TAPIA, YOSELIN V. SANTA INES (MD), LATA, ET AL*

2. That the money damages sought does exceed $50,000.00.

FURTHER, your affiant sayeth not.

_____
STEPHANIE L. WHITE

13

FILED DATE: 8/12/2020 4:04 PM    2020L008521

ATTY I.D. #25535

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| YOSELIN TAPIA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LATA SANTA INES, M.D.; )<br>ALEXIAN BROTHERS MEDICAL CENTER; )<br>MICHAL SZCZUPAK, M.D.; )<br>GREATER ELGIN FAMILY CARE CENTER; )<br>and WOMEN'S AND CHILDREN'S HEALTH )<br>CARE ASSOCIATES, LLC f/k/a )<br>MICHAL SZCZUPAK, M.D., LLC, )<br>)<br>Defendants. ) | NO. |

## AFFIDAVIT

NOW COMES the affiant, STEPHANIE L. WHITE, and states the following under oath:

1. I am the attorney for record for YOSELIN TAPIA in this matter.

2. I have been unable to obtain a review pursuant to Section 2-622 because a statute of limitations would impair this action and the consultation would not be obtained before the expiration of the statute of limitations.

FURTHER, AFFIANT SAYETH NOT.

_____
Stephanie L. White
Attorney for Plaintiff

SUBSCRIBED and SWORN to
before me this 12 day of
August, 2020.

_____
Notary Public

OFFICIAL SEAL
JESENIA PAGAN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires November 02, 2021

EXHIBIT A